UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CEDRIC W. WOODS**                                     **CIVIL ACTION**

**VERSUS**                                              **NO. 13-596**

**SODEXO, INC.**                                        **DIVISION "3"**

## ORDER

Before the Court is the Motion to Dismiss With Prejudice for Lack of Prosecution [Doc. #28]. Plaintiff Cedric Woods has filed no opposition to the motion, and the oral hearing on the motion is set on October 30, 2013 (tomorrow). Having reviewed the motion and finding that it has merit, the Court grants the motion as unopposed.

**I.     Background**

On November 30, 2012, Woods sued Sodexo, Inc. ("Sodexo") in Harris County, Texas. Sodexo timely removed the lawsuit to the United States District Court for the Southern District of Texas, alleging federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under Section 1332. [Doc. #1]. The parties filed a joint motion to transfer venue to this Court, and the Southern District of Texas granted that motion on March 19, 2013. [Doc. #21].

The parties consented to proceed before the undersigned [Doc. #25], and Sodexo began discovery. Sodexo produced its initial disclosures on March 7, 2013; Woods has yet to do so. And

neither has Woods responded to Sodexo's interrogatories or requests for production (served on May 1, 2013), nor has he responded to any request for a deposition.

On June 21, 2013, counsel for Woods, Charles Huber, informed the Court that he would be withdrawing due to a medical condition. Because no further action occurred, this Court set a status conference on September 6, 2013. At that status conference, Huber informed the Court that he had had no contact with his client and was waiting to withdraw until he spoke with Woods' new counsel.

The Court then set another status conference on October 9, 2013. [Doc. #27]. The Court allowed one month for Huber to contact Woods and to arrange for new counsel. [*Id.*]. The Court order Woods or his new counsel to be present at the October 9 conference. [*Id.*]. If Woods had not obtained new counsel, he was to contact the Court to provide it with a telephone number where he could be reached on that date. [*Id.*].

Neither Woods nor his new counsel appeared at the status conference. Instead, Huber again appeared, indicating that he had left numerous messages at Woods' last known telephone number and sent correspondence to Woods' last known address, all to no avail. Huber informed the Court that he believed that Woods had simply decided to drop the lawsuit. Sodexo then filed this motion.

## II.     Law and Analysis

A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b):

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The power to dismiss is an inherent power of the court. *Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir. 1985); *Rogers v. Kroger*, 669 F.2d 317, 319-20 (5th Cir. 1982). A

dismissal with prejudice for failure to prosecute operates as an adjudication on the merits, and it is reversible only when a court has abused its discretion. *Colle v. Brazos County*, 981 F.2d 237, 242 (5th Cir. 1993); *Ramsey v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976). In the Fifth Circuit, a dismissal with prejudice will only be affirmed if there is a "'clear record of delay or contumacious conduct by the plaintiff,' . . ., and where lesser sanctions would not serve the best interests of justice." *Bryson v. State Farm Fire & Cas. Ins. Co.*, Civ. A. No. 09-554, 2011 WL 1557949, *2 (E.D. La. Mar. 18, 2011); *Rogers*, 669 F.2d at 320 (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). In determining the propriety of a dismissal with prejudice for failure to prosecute, the Fifth Circuit also considers whether any of the following aggravating factors exist: (1) the extent to which the plaintiff (as distinguished from his counsel) was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. *Bryson*, 2011 WL 1557949, *2; *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988); *Ford*, 758 F.2d at 1021; *Rogers*, 669 F.2d at 320. Dismissals with prejudice that have been affirmed on appeal "illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Rogers*, 669 F.2d at 320 (footnotes omitted); *see also Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989) ("A dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process [in a way which leaves] the court no choice but to deny that plaintiff its benefits.") (internal quotation marks and citations omitted) (alteration in original)).

In a factually analogous case, a district court dismissed a plaintiff's action with prejudice for

failure to prosecute when the plaintiff failed to communicate with the Court or with opposing parties for a period of over two months. *Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, *3 (S.D.N.Y. March 2, 2004). In that case, the Court reasoned:

> [Plaintiff] has had no contact with either the Court or the Government since a Civil Court hearing on December 4, 2004, a period of over two months. By serving this motion, the Government has notified [Plaintiff] that his failure to prosecute might result in dismissal. In addition, the Government has already made numerous attempts to serve [Plaintiff] with various papers in this case. Each package has been returned to sender. Indeed, the very fact that [Plaintiff] has been inaccessible for the last two months-without notifying the Court, the Government, or the Pro Se Office of a change of address-strongly suggests that he is not diligently pursuing this claim. *See Hibbert v. Appel*, No. 99 Civ. 4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (Scheindlin, J.). [Plaintiff]'s totally unexplained disappearance is manifestly unreasonable, see id. at *3, and therefore presumptively prejudices the Government. *See Pearl v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (holding that prejudice may be presumed where delay is unreasonable).
>     Moreover, no remedy other than dismissal makes sense. Ordinarily, I might send [Plaintiff] a warning or order him to appear for a hearing, but I have no way to reach him. There is no reason for this case to languish on the Court's docket or to hang over the head of the Government if [Plaintiff] is unwilling or unable to prosecute it. For this reason, too, the case must be dismissed.

*Id.*; *see also Irabor v. O'Neel*, No. A3-97-60, 1998 WL 1780650, *2 (D.N.D. Mar. 10, 1998) ("[P]laintiff's failure to communicate with the court in any manner, including checking the status of his case or notifying the clerk's office of his current address, plaintiff's failure to communicate with opposing parties or their counsel, and plaintiff's failure to press forward with his case for approximately 8 1/2 months, indicates to this Court a willful failure to prosecute the claim, thus making dismissal with prejudice pursuant to Rule 41(b) appropriate.").

The parties here tentatively agree that Woods's case should be dismissed. Whether the Court should dismiss it "with prejudice" or "without prejudice" is the issue. Woods' willful failure to communicate with the Court and even with his own counsel for over three months, notwithstanding Huber's attempts to initiate contact, illustrates a clear record of delay. Moreover, the Court finds that lesser sanctions will be to no avail since it is apparent that any further attempts to contact Woods

failure to prosecute when the plaintiff failed to communicate with the Court or with opposing parties for a period of over two months. *Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, *3 (S.D.N.Y. March 2, 2004). In that case, the Court reasoned:

> [Plaintiff] has had no contact with either the Court or the Government since a Civil Court hearing on December 4, 2004, a period of over two months. By serving this motion, the Government has notified [Plaintiff] that his failure to prosecute might result in dismissal. In addition, the Government has already made numerous attempts to serve [Plaintiff] with various papers in this case. Each package has been returned to sender. Indeed, the very fact that [Plaintiff] has been inaccessible for the last two months-without notifying the Court, the Government, or the Pro Se Office of a change of address-strongly suggests that he is not diligently pursuing this claim. *See Hibbert v. Appel*, No. 99 Civ. 4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (Scheindlin, J.). [Plaintiff]'s totally unexplained disappearance is manifestly unreasonable, see id. at *3, and therefore presumptively prejudices the Government. *See Pearl v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (holding that prejudice may be presumed where delay is unreasonable).
>     Moreover, no remedy other than dismissal makes sense. Ordinarily, I might send [Plaintiff] a warning or order him to appear for a hearing, but I have no way to reach him. There is no reason for this case to languish on the Court's docket or to hang over the head of the Government if [Plaintiff] is unwilling or unable to prosecute it. For this reason, too, the case must be dismissed.

*Id.*; *see also Irabor v. O'Neel*, No. A3-97-60, 1998 WL 1780650, *2 (D.N.D. Mar. 10, 1998) ("[P]laintiff's failure to communicate with the court in any manner, including checking the status of his case or notifying the clerk's office of his current address, plaintiff's failure to communicate with opposing parties or their counsel, and plaintiff's failure to press forward with his case for approximately 8 1/2 months, indicates to this Court a willful failure to prosecute the claim, thus making dismissal with prejudice pursuant to Rule 41(b) appropriate.").

The parties here tentatively agree that Woods's case should be dismissed. Whether the Court should dismiss it "with prejudice" or "without prejudice" is the issue. Woods' willful failure to communicate with the Court and even with his own counsel for over three months, notwithstanding Huber's attempts to initiate contact, illustrates a clear record of delay. Moreover, the Court finds that lesser sanctions will be to no avail since it is apparent that any further attempts to contact Woods

will be to no avail.

Further, several aggravating factors exist here.  Woods' unexplained absence is directly attributable to him rather than his counsel.  Indeed, Huber has valiantly continued to attempt to represent Woods despite his lack of response.  There is also no suggestion that Woods' absence is anything but intentional, and there is a high degree of prejudice to Sodexo.  Indeed, Woods' expert reports are due on November 6, 2013 (less than a week from now), and Sodexo's are due on December 6, 2013.  Woods has refused to cooperate with his own counsel on any discovery, which places said deadlines in jeopardy.  As noted by the *Dong* court, "[t]here is no reason for this case to languish on the Court's docket or to hang over the head of [Sodexo] if [Woods] is unable to prosecute it."

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss With Prejudice for Lack of Prosecution [Doc. #28] is GRANTED AS UNOPPOSED.

**IT IS FURTHER ORDERED** that the oral hearing set on October 30, 2013 is CANCELLED.

New Orleans, Louisiana, this 29th day of October, 2013.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**